## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| COREY A. TAYLOR, IDOC # B17010, | ) | CIVIL NO. 11-22-GPM |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This action is before the Court on the matter of unpaid filing fees owed to the Court by Corey A. Taylor, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of seventy-five years' imprisonment in the closed maximum security prison at the Tamms Correctional Center for murder, robbery, burglary, and aggravated battery. At least four actions brought by Taylor while a prisoner have been dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See Taylor v. McDonald*, Civil No. 00-411-JPG (S.D. Ill. Dec. 27, 2002) (order dismissing action as frivolous); *Taylor v. Welborn*, Civil No. 00-82-JLF (S.D. Ill. June 18, 2002) (order dismissing action as frivolous); *Taylor v. Snyder*, Civil No. 00-83-JLF (S.D. Ill. June 13, 2002) (order dismissing action as frivolous); *Taylor v. Snyder*, Civil No. 00-233-WDS (S.D. Ill. Nov. 21, 2001) (order dismissing action as frivolous). Because Taylor has at least four "strikes," pursuant to 28 U.S.C. § 1915 Taylor may not proceed in forma pauperis ("IFP") in federal court unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010); *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002); *Gay v. Powers*, Civil No. 11-20-GPM, 2011 WL 334282, at *1

(S.D. Ill. Feb. 1, 2011). Review of the Court's records shows that Taylor, a "struck-out" prisoner for purposes of Section 1915(g), owes the Court a significant amount of money for unpaid filing fees. Consistent with well-settled precedent of the United States Court of Appeals for the Seventh Circuit, the Court now orders Taylor to show cause why he should not be prohibited from filing any new papers in this Court until such time as Taylor has paid all of the filing fees that he owes the Court.

Under 28 U.S.C. § 1915, a prisoner incurs the obligation to pay the filing fee for a civil action in full when the action is filed, and this obligation continues regardless of later developments in the action, such as a court's denial of a request for leave to proceed IFP and dismissal of the action. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164 (W.D. Wis. 1998). Section 1915 provides a mechanism whereby an indigent prisoner who has been granted leave to proceed IFP in federal court can pay the filing fee for an action in small monthly installments. *See* 28 U.S.C. § 1915(a)(2), (b)(1)(A)-(B), (b)(2); *Jones v. Francis*, Nos. 08-cv-517-bbc, 08-cv-520-bbc, 2008 WL 4331000, at *1 (W.D. Wis. Sept. 18, 2008). However, the Seventh Circuit Court of Appeals has instructed, when a prisoner with three or more "strikes" has been denied leave to proceed IFP in an action, a district court may not employ the mechanism set out in Section 1915 to collect the filing fee for the action. "Section 1915(g) says that a disqualified litigant loses the right to proceed 'under this section' – that is, all of § 1915. The fee must be paid, and paid now. To permit deferral would defeat the function of § 1915(g), for it would give prisoners who have abused the privilege [of proceeding IFP in federal court] . . . the same rights as prisoners who have not." *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), *overruled on*

*other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). In *Newlin* the court went on to say of cases in which a "struck-out" prisoner has been denied IFP status,

> If slow collection is not available, how then is payment to be ensured? The best answer we can conceive lies in the mechanism devised by *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), to collect sanctions from recalcitrant litigants. A prisoner who becomes ineligible under § 1915(g) to continue litigating [IFP], and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits. An order under *Mack* requires the clerks of the courts within this circuit to return civil complaints unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid.

123 F.3d at 437 (citation omitted). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) (citing *Newlin*, 123 F.3d at 436-37) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid."); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."); *al Ghashiyah v. Frank*, 302 Fed. Appx. 471, 473 (7th Cir. 2008) (warning a "struck-out" prisoner litigant that he "has ten days from the date of this order to pay [the appellate filing fee] plus any other outstanding fees he owes. If he fails to do so, we will enter an order directing the clerks of all federal courts in this circuit to return unfiled all papers he submits until the fees are paid."). Simply put, "[a]busers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

The Court's records reflect that four actions brought by Taylor in this Court have been dismissed on the grounds that Taylor, having three "strikes" and not being under imminent danger of serious physical injury, cannot proceed IFP in federal court. *See Taylor v. Watkins*, Civil No. 10-4-GPM (S.D. Ill. June 2, 2010) (order dismissing action for failure to pay filing fee following denial of IFP status); *Taylor v. Blessing*, Civil No. 08-610-GPM (S.D. Ill. Mar. 17, 2009) (order dismissing action for failure to pay filing fee following denial of IFP status); *Taylor v. Benefield*, Civil No. 05-537-DRH (S.D. Ill. Sept. 26, 2005) (order dismissing action for failure to pay filing fee following denial of IFP status); *Taylor v. Montgomery*, Civil No. 05-593-MJR (S.D. Ill. Sept. 26, 2005) (order dismissing action for failure to pay filing fee following denial of IFP status). It does not appear that Taylor has paid any part of the filing fees that he owes for these four actions. In addition, it appears that Taylor brought another action in this Court that was voluntarily dismissed by the Court on Taylor's motion after Taylor was denied leave to proceed IFP on the grounds that he has three "strikes" and was not under imminent danger of serious physical energy. *See Taylor v. Walker*, Civil No. 07-706-MJR (S.D. Ill. Jan. 7, 2008) (order granting voluntary dismissal). A prisoner's voluntary dismissal of an action can avoid the assignment of a "strike" for bringing an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, but it does not relieve the prisoner of the obligation to pay in full the filing fee for the action. *See Borzych v. Frank*, No. 03-C-575-C, 2003 WL 23274517, at *1 (W.D. Wis. Oct. 20, 2003); *Cole v. Frantz*, No. 00-C-486-C, 2000 WL 34240415, at *1 (W.D. Wis. Oct. 18, 2000). Therefore, Taylor owes the Court the full filing fee for Civil No. 07-706-MJR, toward which the record does not show that Taylor ever has paid anything. Finally, it appears that one action brought by Taylor in this Court was dismissed by reason of

Taylor's failure to submit to the Court in support of a request for leave to proceed IFP a certified copy of his prison trust fund account statement as required under 28 U.S.C. § 1915(a)(2), and no part of the filing fee for the action ever has been paid. *See Taylor v. Caliper*, Civil No. 99-74-JLF (S.D. Ill. Oct. 21, 1999) (order dismissing case for failure to submit prison trust fund account statement). In total, it appears that Taylor currently owes the Court a least $1,700 in unpaid filing fees. In accord with Seventh Circuit precedent, the Court will order Taylor to show cause why he should not be prohibited from filing papers in this Court until such time as he has paid the Court the $1,700 he owes the Court.

To conclude, Taylor is hereby **ORDERED TO SHOW CAUSE** not later than twenty (20) days from the date of entry of this Order why the Court should not bar Taylor from filing any further papers in this Court until such time as Taylor pays the $1,700 in unpaid filing fees that he owes the Court. Tender by Taylor of $1,700 to the Clerk of Court not later than twenty (20) days from the date of entry of this Order shall be deemed by the Court to discharge Taylor's duty to show cause under this Order.

**IT IS SO ORDERED.**

DATED: March 10, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge